**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LAWRENCE PETERSON,                )<br>                                                          )<br>                            Plaintiff,      )<br>                                                          )<br>                       vs.                     )<br>                                                          )<br>MRS. FLOWERS Correctional Officer,  )<br>  Disciplinary Screening Officer, BRAIN  )<br>  SMITH Superintendent, T RAY            )<br>  Correctional Officer/Disciplinary         )<br>  Screening Officer, C A PENFOLD       )<br>  Assistant Administrator, Greivance    )<br>  Supervisor, GEORGE CRAIG Assistant )<br>  Administrator, Greivance Supervisor,  )<br>  all sued in their individual, official      )<br>  capacities, under color of state law,    )<br>                                                          )<br>                            Defendants.  ) | No. 1:12-cv-00564-JMS-TAB |

**Entry Discussing Motion for Reconsideration**

On September 5, 2012, this action was dismissed pursuant to 28 U.S.C. § 1915A(b) because the amended complaint failed to state a claim upon which relief may be granted. Plaintiff Lawrence Peterson filed a motion to reconsider on September 13, 2012, arguing that the court erred in dismissing his case because he did not seek to have his visitation privileges reinstated, but instead sought an order declaring that he was denied due process when his visits were arbitrarily restricted to non-contact.

The motion for reconsideration was filed within 28 days from the entry of judgment on the clerk's docket. Given the timing of the motion to reconsider relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b)

of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

Peterson alleged that Brian Smith, T. Ray, Penfold and Craig violated his due process rights when they arbitrarily restricted Peterson to non-contact visits. Peterson argues that under IND. CODE ' 11-11-5-4(4) his visits cannot be restricted for disciplinary reasons (as was done in his case) or arbitrarily taken.

Peterson's argument is apparently based on his misplaced belief that state law creates a liberty interest in contact visits in favor of prisoners. But, the Seventh Circuit has specifically rejected the theory that IND. CODE '  11-11-5-4 creates rights that are protected by the Due Process Clause. *Duncan v. Levenhagen*, 215 F.3d 1329, 2000 WL 557009, *1 -2 (7th Cir. 2000) (unpublished table decision). The Court of Appeals explained:

> This argument must be rejected under the Supreme Court's ruling in *Sandin v. Conner,* 515 U.S. 472, 483 (1995), which makes it clear that prisoners may no longer rely solely upon the use of mandatory language to identify a protected liberty interest. Rather, a prisoner is entitled to due process only when the restrictions imposed work an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Id.* Peterson's denial of contact visits claim is not protected under the due process clause, nor is such a restriction a violation of the Eighth Amendment. *See Nkrumah v. Clark*, 1992 WL 238336, *4 (7th Cir. 1992) (citing cases). In addition, the Indiana Supreme Court has specifically held that there is no right to judicial review of prison administrative disciplinary actions created by IND. CODE ' 11-11-5-4(4). *Zimmerman v. State*, 750 N.E.2d 337 (Ind. 2001); *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505 (Ind. 2005).

Peterson alleges that the claim against Mrs. Flowers is a separate claim dealing with a separate issue and that this claim was not discussed. Peterson is mistaken. The court understood Peterson to allege in the amended complaint [13] that Mrs. Flowers is a disciplinary hearing officer and that she violated Peterson's due process rights during his disciplinary hearing by finding Peterson guilty of

misconduct with no evidence to support such a finding. Peterson states in his motion to reconsider that his claim against Mrs. Flowers is based on *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Peterson's complaint fails to allege that a viable liberty interest was taken as a sanction for the guilty finding. See dkt 13 at p.9.  The court reasonably understood that the sanction imposed was restrictions on Peterson's visitation. *Id.* No other sanction was alleged. The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989). Because the allegations of loss of visitation privileges do not implicate a recognized liberty or property interest, Mrs. Flowers and the disciplinary hearing board were free to use any procedures or no procedures at all. See *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). In other words, Peterson was not entitled to the due process procedures prescribed by *Wolff* or *Meeks* in the circumstances alleged in his complaint.

There was in this case no manifest error of law or fact. The court did not misapprehend Peterson's claim, nor did it misapply the law to that claim. Accordingly, the post-judgment motion for reconsideration, treated as a motion to alter or amend judgment [16], is **denied.**

**IT IS SO ORDERED.**

Date: 11/06/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LAWRENCE PETERSON
892938
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064